UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| CHRISTOPHER RAMBO, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil Action No. 10-116-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN F. HOGSTEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The petitioner, Christopher Rambo, filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure. R. 14. Rambo asks the Court to alter or amend its Judgment of November 17, 2010, in which the Court denied Rambo's petition for a writ of habeas corpus. R. 13. The Court held that Rambo was not entitled to the sentencing credits that he sought in that petition. R. 12.

A federal court may only grant a Rule 59(e) motion to alter or amend its judgment in limited circumstances—there must be "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). Rambo invokes the first ground. He argues that the Court overlooked important facts and misapplied the law. R. 14. He asks the Court to transfer his habeas petition back to the district court in Colorado that imposed his sentence, in order to allow that court to clarify its intent. *Id.* Because

the Court's Judgment denying's Rambo's habeas petition did not contain "a clear error of law," Rambo's Rule 59(e) motion will be denied.

## BACKGROUND

This Court's Memorandum Opinion and Order of November 17, 2010, R. 12, contains a full recitation of the rather complicated factual and procedural background of Rambo's case. A full rehashing here is not necessary. A brief summary will do.

Colorado authorities arrested Rambo for armed robbery in 2002. Federal authorities also charged Rambo for the same crimes, and the State of Colorado dismissed some of the state charges against him in lieu of federal prosecution. Federal authorities "borrowed" Rambo from state custody under a writ of habeas corpus *ad prosequendum*, and the district court in Colorado sentenced him to 300 months in prison on May 23, 2003. Rambo was then returned to state custody, where he received an eight-year state sentence on July 2, 2003, which the state court ordered to run concurrently with his federal sentence. Not quite a year later, on April 23, 2004, the Tenth Circuit reversed Rambo's 300-month federal sentence because of a *Miranda* violation. Federal authorities again temporarily took Rambo into federal custody, and the district court imposed a new sentence—120 months, to run concurrently with his eight-year state sentence. Federal authorities then returned Rambo to state custody, where he remained until he finished serving his state sentence on August 26, 2008. Colorado then transferred Rambo to federal custody to serve the balance of his 120-month federal sentence.

Rambo believes that he is entitled to credit against the 120-month federal sentence that he is currently serving for the 412 days between when the district court imposed his first

2

sentence and when it imposed his second sentence. The Bureau of Prisons ("BOP") denied Rambo's request, and Rambo filed a habeas petition in this Court. This Court denied Rambo's petition. As the Court explained, because Rambo was in the primary custody of the State of Colorado when the district court imposed its first sentence, that sentence did not commence when it was imposed. R. 12 at 7-8 (citing *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007)). Under 18 U.S.C. § 3585(a), a prison sentence does not commence until "the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Federal authorities merely borrowed Rambo on a writ of habeas corpus *ad prosequendum*, which did not effect a transfer of primary custody from the state. *Id.* at 8 (citing *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000)). Rambo's second (120-month) federal sentence, in contrast, began to run on the day it was imposed, even though Rambo remained in the primary custody of Colorado, because the district court specifically ordered it to run concurrently with his state sentence. *Id.* at 10. Therefore, because "Rambo spent July 3, 2003, to August 18, 2004, in service of his state sentence and *only* his state sentence," the Court denied Rambo's habeas petition. R. 12 at 10.

## ANALYSIS

The Court can discern two distinct arguments in Rambo's Rule 59(e) motion. Neither argument has merit.

Rambo first argues that the Court overlooked the sentencing court's intent. He argues that, when the Colorado district court imposed his second sentence and made it concurrent to the state sentence he was then serving, the court also intended for Rambo to receive credit for the

3

412 days he had spent in state custody since the imposition of his first sentence. Rambo asks this Court to transfer his habeas petition to the sentencing court so that it may clarify its intent and enter a nunc pro tunc order granting him the credit he seeks. R. 14 at 5-6. Rambo's argument is misguided. When the district court imposed his second sentence, the court ordered it to run concurrently with the eight-year state sentence that Rambo was then serving. But the court did not have the authority to grant Rambo credit for the time he had previously spent in state custody. The district court only had the authority to order Rambo's sentence to run concurrently with the *undischarged* portion of his state sentence. *See United States v. Tackles*, 62 F. App'x 900, 902 (10th Cir. 2003) ("[T]here is no provision in [18 U.S.C. § 3585] for credit to be awarded for time already served under the state sentence."); *Belcher v. Cauley*, No. 08-132, 2009 WL 464932, at *2 (E.D. Ky. Feb. 24, 2009) ("To give due effect to [§ 3585], even where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior state conviction.").

In other words, the Colorado district court had no authority to order that Rambo's federal sentence commence retroactively. *See United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998) ("We see nothing in [§ 3585] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date."). It was up to the BOP, *not* the sentencing court, to determine when Rambo's sentence commenced, *id.*, and to grant Rambo any credit that he was due for time that he had already spent in custody. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) ("[T]he Attorney General [acting through the BOP], not

4

the court, has the authority to compute sentence credits for time in detention prior to sentencing."). The BOP granted Rambo all of the prior custody credits to which he was entitled (including credit for the period from November 14, 2002, to July 1, 2003, under *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971)). Therefore, because the district court did not have the authority to do what Rambo argues it intended to do—that is, grant him credit for the time that had elapsed since his first federal sentence—transferring this case so that the Colorado court can clarify its intent would serve no purpose. The Colorado district court gave Rambo all of the benefit it could by ordering his (significantly reduced) sentence to run concurrently with the undischarged portion of Rambo's state sentence. Rambo is entitled to no more.

Rambo's second argument is based on the copy of the judgment that the U.S. Marshals used when they transferred him from state to federal custody in 2008. Apparently, when Rambo was initially transferred from state custody to the BOP on October 3, 2008, the U.S. Marshals delivered him with a copy of the district court's original (300-month) judgment. R. 14, Attach. 1 at 3. But when Rambo was transferred, just a month later, to USP Big Sandy in Inez, Kentucky, U.S. Marshals delivered him with a copy of the second (120-month) judgment. R. 14, Attach. 1 at 10. Rambo has attached copies of both judgments to his motion with the Return signed and executed on each. Rambo argues that this evidence shows he "was actually imprisoned pursuant to the initial Judgment," and therefore "the BOP did not have the discretion to ignore the initial Judgment." R. 14 at 4.

This argument goes nowhere. Setting aside the question of whether the copies of these judgments are "newly discovered evidence"—which they must be in order for the Court to

5

consider them in evaluating Rambo's Rule 59(e) motion, *Leisure Caviar,* 616 F.3d at 615—this evidence simply has no significance for Rambo's case. The district court's first judgment was a legal nullity. The Tenth Circuit directed the district court to vacate Rambo's original plea agreement and sentence, *United States v. Rambo*, 365 F.3d 906, 911 (10th Cir. 2004), and that is exactly what the district court did before it imposed the second judgment. It is unclear why federal authorities originally delivered Rambo to the BOP with a copy of the first judgment. Perhaps it was a mistake. But that mistake has no impact on the calculation of Rambo's sentence. The BOP calculated Rambo's sentence based on the operative judgment—the second judgment, imposed in August 2004. Surely, Rambo is not arguing that he would rather be serving the 300-month sentence in the first judgment than the 120-month sentence in the second. Accordingly, the fact that federal authorities initially delivered Rambo to the BOP's custody with a copy of the original judgment is of no legal significance. Even if the judgments qualified as newly discovered evidence (they likely do not), they would not justify granting Rambo the relief he seeks.

Rambo's case was, admittedly, a challenging one. But this Court applied the law and concluded that Rambo was not entitled to the custody credits that he sought in his habeas petition. Rambo has not demonstrated "a clear error of law," nor has he identified any other reason for disturbing the Court's Judgment. *Leisure Caviar,* 616 F.3d at 615. Therefore, his Rule 59(e) motion must be denied.

CONCLUSION

Accordingly, it is **ORDERED** that Rambo's motion to alter or amend the Court's Judgment under Rule 59(e), R. 14, is **DENIED**.

This the 18th day of January, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge